IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | | |
|---|---|---|
| **DANNY DARKINS,** § | | |
| Plaintiff § | CIVIL ACTION NO. 2:10-CV-06165 (ES) (CLW) | |
| §  | | |
| **VS.** § | | |
| § | **JURY TRIAL DEMANDED** | |
| **CONTINENTAL AIRLINES, INC.,** § | | |
| Defendant. § | | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO SEAL

Plaintiff, Danny Darkins ("Darkins") files his Response to Defendant's Motion to Seal and shows the following:

### Background

Defendant has requested that a vast majority of the evidence it contends supports its Motion for Summary Judgment be filed under seal. As background, Defendant fired Darkins after he used the operational door of Terminal E at Houston Intercontinental Airport reserved for on-duty employees. Darkins was traveling on a personal pass from Houston to Newark to report to work but was not officially on duty while in Houston. The incident giving rise to the termination occurred on September 10, 2009.

To show its actions were not discriminatory or in violation of the FMLA, Defendant provided names and limited personnel information on six (6) employees who were terminated under similar circumstances. Only three of the employees were Newark based flight attendants–Gerard St. Villier ("St. Villier") and Darkins, both Black, terminated in 2009 and Michael Abrew ("Abrew"), Caucasian, terminated more than two years later <u>after</u> Darkins and St. Villier filed complaints/grievances against Defendant. The remainder of the terminated employees were not Newark based flight attendants and arguably are not proper comparators. Even so, all employees

including Daniel Abdelmessih ("Abdelmessih"), who Defendant states is Caucasian but who has admitted to being of African (Egyptian) descent, were non-Caucasian employees. Thus, the evidence that Defendant claims supports its motion actually proves Defendant treated non-Caucasian employees less favorably than the one Caucasian employee that it terminated in 2012 after this race discrimination lawsuit was filed in 2010.

**Law and Argument**

Although the common law right to public access is a recognized and venerated principle, courts have also recognized the accompanying principle that the right is not absolute. *Goldstein v. Forbes (In re Cendant Corp)*, 260 F.3d 183, 194 (3d Cir. 2001). *See also Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d 1988). The presumption of public access may be rebutted. *See Republic of Phillipines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991). Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes. *Littlejohn* at 678 (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598,(1978)).

In order to override the common law right of access, the party seeking the closure of a hearing or the sealing of part of the judicial record bears the burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure. *Goldstein* at 194. In delineating the injury to be prevented, specificity is essential. *Id.* Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient. As is often the case when there are conflicting interests, a balancing process is contemplated. *Id.* The strong common law presumption of access must be balanced against the factors militating against access. The burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption.

*Bank of Am. Nat'l Trust and Sav. Ass'n v. Hotel Rittenhouse Assoc.,* 800 F.2d 339, 344 (3d Cir. 1986).

Defendant asks the court to seal the employment records of employees who were terminated but who are not parties in this lawsuit as well as all references to these employees in any summary judgment motion, response, reply, disputed and undisputed material facts, and arguably any order or memorandum of the court naming or providing information on these employees. This type of request is unprecedented in employment law cases. Defendant cites no case law wherein any court in this circuit or jurisdiction has granted such a restrictive request in an employment law case.

Defendant merely contends that the non-party employees have an expectation of privacy and that "there is no legitimate reason why those third parties should experience the **potential** embarrassment of their employment circumstances entering the public domain." This broad allegation of **potential** harm is not sufficient to warrant granting a motion to seal in an employment law case. *See Jankowski v. Extendicare Homes, Inc.*, 2011 U.S. App. LEXIS 14045 *3 (3d Cir. July 7, 2011). Defendant has not come close to meeting its burden of overcoming the presumption of public access to the names and limited employment records of employees who were terminated under the same or similar circumstances as Darkins.[1] Defendant has provided no facts supporting the **specific injury** that these non-party employees would likely suffer. In fact, the majority of these employees have been contacted by Darkins or his counsel and have not expressed any concern about their names or employment history being made a part of the record.

As a practical matter, if summary judgment evidence is sealed, certain testimony and exhibits

---

[1] Darkins notes the employment records provided or discussed in Defendant's Motion for Summary Judgment do not include social security numbers, addresses, telephone numbers, salary information or the like that are typically redacted in employment cases for security reasons (i.e., identity theft). Darkins is not opposed to redacting this type of information.

at trial would be under seal. This is simply not practical or warranted based on the facts of this case. For these reasons, Defendant's motion lacks adequate factual and legal support and therefore must be denied in its entirety.[2]

**Conclusion and Prayer**

      Darkins prays that the Court denies Defendant's Motion to Seal.  Darkins further requests that the Court grants him any additional relief to which he may be entitled.

      Respectfully submitted,

      /s/ Eugenie F. Temmler, Esq.
      Eugenie F. Temmler, Esq.*
      Rabner Allcorn Baumgart & Ben-Asher, P.C.
      52 Upper Montclair Plaza
      Upper Montclair, New Jersey 07043
      facsimile: (973) 783-1524

      Victoria Plante-Northington
      Texas Bar No. 00798436
      PLANTE LAW FIRM, P.C.
      5177 Richmond Avenue Suite 1275
      Houston, Texas 77056
      Telephone: (713) 526-2615
      Facsimile: (713) 960-0555

      *Attorney in Charge for Plaintiff

---

[2] To the extent possible, Darkins will not disclose the terms of the settlement agreement between St. Villier and Defendant.  Additionally, Darkins will not disclose any information on other employees that is not relevant to raising material issues of fact in this case.

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 24th day of October 2012, a true and correct copy of Plaintiff's Response to Defendant's Motion to Seal was filed electronically.  I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the court's system:

Peter M. Avery
Buchanan Ingersoll & Rooney, P.C.
550 Broad Street, Suite 810
Newark, New Jersey 07102
facsimile: (973) 273-9430

Victoria Plante-Northington
Plante Law Firm, P.C.
5177 Richmond Avenue Suite 1275
Houston, Texas 77056
Facsimile: (713) 960-0555

                                              */s/ Eugenie F. Temmler, Esq.*
                                              EUGENIE F. TEMMLER, ESQ.