# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| |  |
|---|---|
| DANNY DARKINS,<br><br>      Plaintiff,<br><br>v.<br><br>CONTINENTAL AIRLINES, INC.,<br><br>      Defendant. | Civil Action No.:<br>2:10-CV-6165-ES-SCM<br><br>**OPINION AND ORDER ON DEFENDANT'S MOTION TO SEAL**<br><br>**[D.E. 40]** |

## I. INTRODUCTION

Before the Court is Defendant Continental Airlines, Inc.'s ("Defendant") Motion to Seal certain portions of its Motion for Summary Judgment and certain exhibits filed and/or referenced therewith. Plaintiff Danny Darkins ("Plaintiff") opposes the instant motion. Because it suffers from critical and blatant procedural defects, the Motion to Seal is denied without prejudice for the reasons set forth herein.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On November 29, 2010, Plaintiff filed his Complaint alleging that Defendant wrongfully terminated him from his position as an international service manager (a/k/a flight attendant) in violation of Title VII, Section 1981 and the

1

Family and Medical Leave Act. (Docket Entry ("D.E.") 1, Plaintiff's Complaint). On March 21, 2011, Defendant filed an Answer to the Complaint. (D.E. 12, Answer). On February 16, 2012, this Court entered a Discovery Confidentiality Order allowing the parties to designate certain unfiled discovery materials as "CONFIDENTIAL-SUBJECT TO CONFIDENTIALITY ORDER." (D.E. 24, Discovery Confidentiality Order). This Discovery Confidentiality Order remains in effect.

On June 9, 2012, Plaintiff filed his Amended Complaint (D.E. 32, Amended Complaint).[1] On June 22, 2012, Defendant filed an Answer alleging that it lawfully terminated Plaintiff's at-will employment for violations of Transportation Security Administration ("TSA") regulations and company policy. (D.E. 34, Answer to Amended Complaint).

On October 12, 2012, Defendant filed a Motion for Summary Judgment and Motion to Seal certain portions of its Motion for Summary Judgment. (D.E. 41, Defendant's Motion for Summary

---

[1] It is not clear from the docket by what means Plaintiff was permitted to amend his Complaint beyond the time when amendments are permitted as a matter of course. Presumably, Defendant consented to Plaintiff filing his Amended Complaint. A comparison of Plaintiff's Amended Complaint with his original Complaint, reveals that there are no significant substantive amendments or additions. Also, the docket contains an entry that is labeled 'Amended Complaint'. [D.E. 33]. A review of the pleading at D.E. 33 reveals that it is identical to the pleading at D.E. 32. Therefore, the Court will proceed, for the purposes of this Motion to identify the Amended Complaint, which is now the operative pleading by reference to D.E. 32.

2

Judgment and D.E. 40, Defendant's Motion to Seal). In its Motion to Seal, Defendant argues that Exhibits A, B, C, D, S, T, U, V, W, X, Y, Z, AA, BB, CC and DD should be sealed and the brief, statements of facts and declarations should be redacted as those papers contain employment information of six former employees who are not parties to this action.[2] (D.E. 40-1 at p. 5). Defendant asserts that the afore-referenced former employees "have an expectation of privacy in their personnel records" and disclosure of their records "would adversely impact" that interest. (*Id*.) Defendant also argues that the employment information included in its Summary Judgment Motion was relevant to determining one of the essential issues in the case; therefore, Defendant had no other alternative but to include that information in its papers. (*Id.* at p. 6). Further, Defendant notes that the employment information was previously designated as "CONFIDENTIAL" pursuant to the Discovery Confidentiality Order. (*Id.* at p. 2).

---

[2] Regarding the exhibits defendant seeks to have sealed, these exhibits are attached and/or referenced to defendant's motion for summary judgment [*See* D.E. 41] and are described as follows: Exhibit A- Transcript of Plaintiff's Deposition [D.E. 41-6]; Exhibit B- Plaintiff's First Amended Complaint [D.E. 41-7]; Exhibit C- Defendant's 'Houston Additional Security Measures form' [D.E. 41-8]; Exhibit D- October 26, 2007 Internal Memorandum to All Flight Attendants[D.E. 9]; Exhibits S, T, U, V, W, X, Y, Z, AA, BB, CC, DD- Confidential Exhibits Not Included (*See* D.E. Nos. 24-35).

3

On October 24, 2012, Plaintiff filed his Opposition to Defendant's Motion to Seal. (D.E. 42, Opposition to Defendant's Motion to Seal). In his Opposition, Plaintiff asserts that Defendant failed to set forth a specific injury that would result if the motion is not granted. (*Id.* at p. 3.) Plaintiff also argues that Defendant's allegation of potential harm (embarrassment) is broad and "defendant has not come to close to meeting its burden of overcoming the presumption of public access." (*Id.*) Defendant did not file a Reply to the Opposition.

## III. DISCUSSION

### A. Substantive Legal Standard for Sealing Documents

The right of public access to judicial proceedings and judicial records is guaranteed by common law and the First Amendment. *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (holding "the public and the press possess a First Amendment and a common law right of access to civil proceedings; indeed, there is a presumption that these proceedings will be open"). The right of public access is "beyond dispute." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988). The Court of Appeals for the Third Circuit has recognized that the common law "right to inspect and copy, sometimes termed the right to access, antedates the

Constitution" and has been justified by the public's right to public documents and to open courts, "which has particular applicability to judicial records." *U.S. v. Criden*, 648 F.2d 814, 819 (3d Cir. 1981) (citations omitted). Similarly, the First Amendment guarantees "freedom of communication on matters relating to the functioning of government." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980). The Court of Appeals for the Third Circuit has extended this rationale and the First Amendment guarantee to access to civil trials because civil litigation "plays a particularly significant role in the functioning of the judicial process and the government as a whole." *Publicker*, 733 F.2d at 1070 (quoting *Globe Newspaper Co. v. Superior Court of Norfolk County*, 457 U.S. 596, 606 (1982)). Public access to civil trials ensures the integrity of the fact-finding process, fosters an appearance of fairness, and heightens public respect for the judicial process by allowing the public to serve as a check upon the judicial process. *Id.*

The Court of Appeals for the Third Circuit has explained that the common law right to access "means more than the ability to attend court proceedings; it also encompasses the right of the public to inspect and to copy judicial records" *Littlejohn*, 851 F.2d at 678, including transcript, evidence, pleadings, and other materials submitted by the litigants […]." *See also United*

5

*States v. Martin*, 746 F.2d 964, 968-69 (3d Cir. 1984). The presentation of materials to the Court creates a presumption that such materials, regardless of a discovery designation by the parties, are part of the public record and subject to public access. *See* Comment to L.Civ.R. 5.3(c)(2); *Bank of America Nat'l Trust and Savs. Ass'n v. Hotal Rittenhouse Assoc.*, 800 F.2d 339, 346 (3d Cir. 1988). Local Civil Rule 5.3(a)(4) codifies this presumption and provides "[s]ubject to this rule and to statute or other law, all materials and judicial proceedings are matters of public record and shall not be sealed." *Id*.

The presumption of open access may, however, be rebutted. Indeed, "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Littlejohn*, 851 F.2d at 678 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). In determining whether or not a party has met its burden of overcoming the presumption of open access, "[a] trial court must satisfy certain procedural and substantive requirements […]." *Publicker*, 733 F.2d at 1071. The Court of Appeals for the Third Circuit has set forth these requirements as follows:

> Procedurally a trial court in closing a proceeding must both articulate the countervailing interest it seeks to protect

6

> and make findings specific enough that a reviewing court can determine whether the closure order was properly entered. Substantively, the record before the trial court must demonstrate an overriding interest based upon findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."

*Id.* at 1071 (internal citations and quotation marks omitted).

In short, to prevail on a Motion to Seal court records, a movant bears the burden to show that the interest in secrecy outweighs the presumption of access. *See Faulman v. Security Mutual Financial Life Insurance Company*, Civ. No. 04-5083, 2006 WL 15410559 at *1 (D.N.J. June 2, 2006). In doing so, the burdened party must describe a specific injury that public access will inflict, and the injury must be balanced against the "strong common law presumption of access […]." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (holding "the party seeking the closure of a hearing or the sealing of part of the judicial record bears the burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.") (citations and internal quotations omitted); *see also Zurich America Insurance Company v. Rite Aid Corp.*, 345 F. Supp. 2d 497, 503 (E.D.Pa. 2004).

General allegations that harm will result from disclosure are insufficient to rebut the presumption; rather, the movant

must give "specific examples or articulated reasoning" that harm will result. *In re Cendant Corp.*, 260 F.3d at 194. Further, in *Cipollone v. Liggett Grp.*, 785 F.2d 1108, 1121 (3d Cir. 1986), the Court of Appeals for the Third Circuit held that public embarrassment without any evidence of other harm is not a clearly defined and serious injury. If the Court finds sealing the record is appropriate, "the Court should ... articulate the compelling countervailing interests to be protected, make specific findings on the record concerning the effects of disclosure, and provide an opportunity for interested parties to be heard." *Id.* (internal citations omitted).

New Jersey Local Civil Rule 5.3 creates separate procedures by which parties may seek protective orders and make motions for materials or proceedings to be sealed. *See generally* L.Civ.R. 5.3(b) and 5.3(c). Local Civil Rule 5.3(c) codifies the requirements, discussed in the case law, *supra*, that must be met for sealing court documents. The Rule is intended to "reflect Supreme Court and Third Circuit law and does not set forth in detail all standards established by precedent." Comment to L.Civ.R. 5.3. Under Local Civil Rule 5.3(c), a party seeking an order sealing or otherwise restricting public access to Court proceedings or materials filed with the Court must file a motion that describes:

> (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.

L.Civ.R. 5.3(c)(2). Local Civil Rule 5.3(c) further provides that purportedly confidential materials shall remain sealed pending the Court's decision on the Motion to Seal. L.Civ.R. 5.3(c)(3). The Rule also requires the Court to make specific findings with respect to "the factors set forth in (c)(2) above as well as other findings required by law" when deciding a motion for an order limiting public access to court materials. L.Civ.R. 5.3(c)(5). Once the "legitimate" or "compelling" private or public interests are identified, the Court must then weigh those interests against the strong presumption of public access. *See Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 167 (3d Cir. 1993) (vacating District Court's order sealing judicial materials, in part, because the court failed to articulate a particularized weighing of interests with respect to each document for which a sealing order was sought).

Lastly, if the Court determines that a sealing order is warranted, it must inquire whether a less restrictive alternative to sealing the records is available. L.Civ.R.

9

5.3(c)(5). A motion to seal should be denied if a court determines that a less restrictive alternative exists. *See* Comment to L.Civ.R. 5.3(c)(2); *Hershey Co. v. Promotion in Motion, Inc.*, Civ. No. 07-1601, 2010 WL 1812593 at *4 (D.N.J. May 4, 2010) (denying motion to seal because a less restrictive alternative to sealing such as redaction was available). Further, failure of a moving party to explain "why a less restrictive alternative to the relief sought is not available" alone warrants denial of the motion. *Shine v. TD Fin. Grp.*, Civ. No. 09-4377, 2011 WL 3328490 at *8 (D.N.J. Aug. 2, 2011)(citing *Huertas v. Galaxy Asset. Mgmt.*, Civ. No. 09-2604, 2010 WL 936450 at *8 (D.N.J. Mar. 9, 2010), denying Motion to Seal because moving party failed to explain why a less restrictive alternative was unavailable).

**B. Procedural Requirements for Motions to Seal**

Local Civil Rule 5.2(c)(3) establishes certain procedural requirements for the filing of motions to seal.[3] When a protective order is in place, such as the instant matter, the

---

[3] Litigants are often unaware of the procedure that must be followed when filing a motion to seal. *See generally* Mary Pat Gallagher, Federal Court in N.J. Cracks Down on Wrongly Filed Sealing Motions, 186 N.J.L.J. 879 ("Lawyers are improperly filing motions to seal ..."); *see also Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, 2007 WL 2085350 at *3 (not reported in F.Supp.2d)(D.N.J. 2007).

parties may file "[a]ny materials deemed confidential by a party or parties ... under the designation "confidential materials"... [under seal] until such time as the motion is decided." *Id*. This section "is intended to allow confidential materials to be filed and remain under seal until a motion to seal or otherwise restrict public access is ruled on." *See* Explanatory Note to L.Civ.R. 5.3(c)(3). In cases where a protective order has not been entered, parties should follow the provisions of Local Civil Rule 5.3(c)(6), which allows for the entry of a temporary sealing order until a formal motion, filed pursuant to L.Civ.R. 7. 1, can be adjudicated by the Court. Parties should be aware that if the Motion to Seal is denied this material would then be available to public access. *Bank of America Nat'l Trust and Savings Ass'n v. Hotel Rittenhouse Assoc.*, 800 F.2d 339 (3d Cir. 1988).

### C. Plaintiff's Motion to Seal (Procedural and Substantive Deficiencies)

In the instant matter, Defendant has improperly filed its Motion to Seal. As the Declaration of Defendant's counsel, Peter M. Avery, states "[t]he portions of the supporting papers and the exhibits that Continental moves to seal have been redacted and omitted from the electronically filed summary judgment motion." (D.E. 40-1 at p. 1, ¶ 2, Declaration of Peter

W. Avery In Support of Motion to Seal). What Defendant has done (with respect to filing its Motion to Seal) is in direct conflict of the spirit and purpose of Local Civil Rule 5.2(c)(3), as well as in blatant contravention of the Court's Electronic Case Filing Policies and Procedures. *See* District of New Jersey Electronic Case Filing Policies and Procedures at §§ 2, 10, 17 (as amended May 1, 2012)(redaction of personal identifiers is permitted, however a reference list with all identifying information must be filed under sealed in conjunction with the redacted document).

Defendant should have filed each document that contained information designated as confidential under seal.[4] The Court would then have an electronic record of each document in its original form in perpetuity. After the Court rendered its decision, the Clerk of the Court would have either released the document for public access or retained the document under seal pursuant to the Court's direction. Here, Defendant has attempted an end run around the Court's policies by omitting the relevant documents and/or submitting redacted documents without the required reference list containing all identifying

---

[4] When uploading each 'PDF' file onto CM/ECF, defendant should have clicked the "Seal" checkbox to prevent public accessibility to that document. *See* L.Civ.R. 5.3(c). "When a document filed under seal contains both confidential and non-confidential information, an unredacted version shall be filed under seal, and a version with only the confidential portions redacted shall be filed publicly." L.Civ.R. 5.3(c)(3).

information.  Defendant's impermissible actions effectively restrict public access to the portions of the documents that it wished to have sealed, irrespective of the Court's decision. Defendant's course of conduct is wholly violative of the long established doctrine which states that documents filed with the Court are presumptively public in nature.

In addition to its failure to follow the proper procedure in filing its Motion to Seal, Defendant's Motion also suffers from glaring substantive defects.  As discussed, *supra*, Local Civil Rule 5.3(c) and the cases that have interpreted it require the movant to demonstrate that the alleged privacy interest outweighs the presumption in favor of public access- as articulated by description of a specific injury that will result if public access is permitted.  Case law has also established that public embarrassment without any evidence of other harm is not a clearly defined and serious injury. *See Cipollone*, *supra*, 785 F.2d at 1121.  In the instant Motion the only injury that Defendant articulates is the "potential embarrassment" that defendant's former employees might experience.  (*See* D.E. 40-1 at p. 5).  As discussed herein, this potential injury- even if realized- is insufficient, by itself, to justify sealing the proposed documents.

Additionally, Defendant also fails to properly address the prong of Local Civil Rule 5.3(c) that requires the movant to

13

explain why a less restrictive alternative to the relief sought (sealing) is not available. On this point, Defendant apparently misapprehends what this prong requires the movant to articulate because instead of discussing why a less restrictive alternative than sealing the proposed materials, e.g., redaction of defendant's former employees' identifying information, is not sufficient to protect the stated privacy interest,[5] Defendant instead discusses the evidentiary justification for including its former employees and the circumstances of their termination in its summary judgment motion. (*See* D.E. 40-1 at p. 6). Defendant completely misses the mark here as it conflates the reason why it determined that this information was essential to its summary judgment motion (irrelevant with respect to this Motion) with why sealing this information is the only appropriate remedy (the appropriate inquiry with respect to L.Civ.R. 5.3(c)).

---

[5] It is worth noting here that the Court appreciates the privacy interest involved with respect to the identities of defendant's former employees. However, the Court declines to render a decision with respect to redaction in this opinion. When and if Defendant properly re-files its Motion to Seal, the Court will, at that time, address what, if any, documents should be redacted.

## IV. CONCLUSION

For the reasons discussed herein, Defendant's Motion to Seal is procedurally and substantively deficient. Therefore, for the foregoing reasons, and for good cause shown,

IT IS on this 25th day of June, 2013,

**ORDERED** that Plaintiffs' Motion to Seal is **denied** without prejudice; and it is further

**ORDERED** that Defendant may, within 14 days of the date of this Order, properly re-file its Motion to Seal in accordance with the requirements of Local Civil Rule 5.3(c), as discussed in this opinion.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

6/26/2013 7:11:39 PM